**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:05CV212**

| | | |
|---|---|---|
| LORI A. PORTER and POWELL D. PORTER, individually and as the Trustee of THE PORTER FAMILY TRUST, | ) ) ) ) | |
| Plaintiffs, | ) ) | JUDGMENT |
| v. | ) ) | |
| TAMMERA M. PORTER, | ) ) | |
| Defendant. | ) | |

This matter came on for trial beginning on the 13th day of March, 2007 before a duly impaneled jury and undersigned judge presiding.

After hearing the opening arguments of counsel, the evidence presented, the closing arguments of counsel, and the instructions of the Court, the jury returned a verdict on March 16, 2007 in open court, finding as follows:

**Issue #1:** Did Tammera Porter, enter into a contract with Lori Porter and Powell Porter to transfer, by quit claim deed, her interest in six deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** Yes.

**Issue #2:** Did the Defendant, Tammera Porter, breach a contract with Lori Porter and Powell Porter to transfer, by quit claim deed, her interest in six deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** No.

**Issue #3:** Did Tammera Porter commit fraud against Lori Porter and Powell Porter by failing to transfer her interest in two deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** No.

1

**Issue #4:** Did Tammera Porter commit constructive fraud against Lori Porter and Powell Porter by failing to transfer her interest in two deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** No.

**Issue #5:** Did Lori Porter and Powell Porter commit fraud against Tammera Porter by inducing Tammera Porter to enter into a contract with Lori Porter and Powell Porter to transfer, by quit claim deed, her interest in six deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** Yes.

**Issue #6:** Did Lori Porter and Powell Porter commit constructive fraud against Tammera Porter by inducing Tammera Porter to enter into a contract with Lori Porter and Powell Porter to transfer, by quit claim deed, her interest in six deeds, upon which she was a tenant-in-common, into the Porter Family Trust?

**Answer:** Yes.

**Issue #7:** Did the Plaintiffs, Lori Porter and Powell Porter convert various items of the Defendant Tammera Porter's personal property, including: four horses, a Honda 400 ATV, Defendant's personal clothing and bedroom furniture that was formerly located in the Plaintiffs' Wilkes County home, a quilt given to the Defendant by the Defendant's grandmother, and an afghan given to the Defendant by the Defendant's aunt?

**Answer:** Yes.

**Issue #8:** Did the Defendant, Tammera Porter abandon various items of her personal property, including: four horses, a Honda 400 ATV, Defendant's personal clothing and bedroom furniture that was formerly located in the Plaintiffs' Wilkes County home, a quilt given to the Defendant by the Defendant's grandmother, and an afghan given to the Defendant by the Defendant's aunt?

**Answer:** No.

**Issue #9:** Is the Defendant liable to the Plaintiffs for punitive damages?

**Answer:** [No answer]

**Issue #10:** Are the Plaintiffs liable to the Defendant for punitive damages?

**Answer:** No.

**Issue #11:** What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiffs?

**Answer:** [No answer]

**Issue #12:** What amount of punitive damages, if any, does the jury in its discretion award to the Defendant?

**Answer:** [No answer]

The verdict was signed by the foreperson of the jury and presented in open court on March 16, 2007.

Accordingly, it is hereby ORDERED:

1. That the Plaintiffs' claims against the Defendant be dismissed and that the Plaintiffs have and recover nothing from the Defendant Tammera M. Porter.

2. That the following two deeds, recorded in the office of the Clerk of Wilkes County, North Carolina remain in the names of Powell Porter, Lori Porter, and Tammera Porter, as tenants-in-common:

    a. Deed dated January 5, 2000, by Mary P. Ferguson, grantor, to Powell D. Porter, Lori A. Porter, and Tammera M. Porter, grantees, recorded at deed book 831, page 240, tax parcel 2305, consisting of 237 acres;

    b. Deed dated December 14, 2000, by Douglas L. and Joyce D. Ferguson, grantors, to Powell D. Porter, Lori A. Porter, and Tammera M. Porter, grantees, recorded at deed book 850, page 248, tax parcel 6804, consisting of 20.36 acres.

3. That the quitclaim deed recorded in the office of the Register of Deeds Wilkes County, North Carolina by Powell D. Porter, Lori A. Porter, and Tammera M. Porter, at Book 0891, Page 0442, and dated August 27, 2002, be declared null and

void in so far as it purports to convey the interest of Tammera Porter therein to Powell Porter, trustee of The Porter Family Trust, meaning her interest in the parcels of land covered by the following four deeds:

a. Deed dated August 11, 1998, by Douglas L. and Joyce D. Ferguson, grantors, to Powell D. Porter, Lori A. Porter and Tamera M. Porter, grantees, recorded at deed book 801, page 37, tax parcel 4705 and comprising 23.66 acres;

b. Deed dated July 17, 1999, by Mary P. Ferguson, grantor, to Powell D. Porter, Lori A. Porter and Tammera M. Porter, grantees, recorded at deed book 822, page 185, tax parcels 9840 and 5739 and comprising 50.583 acres;

c. Deed dated September 1, 1999, by Nicholas B. Riddle and Donna E. Densford, grantors, to Powell Porter, Lori Porter and Tammera Porter, grantees, recorded at deed book 824, page 509, tax parcel 8230 and comprising 11.383 acres;

d. The "combination deed" dated April 24, 2000, recorded at deed book 836, page 601, tax parcel 2247 and comprising approximately 19.164 acres.

The effect of this paragraph 3 shall be that the parcels covered by the foregoing four deeds be held by Powell Porter, trustee of The Porter Family Trust, two-thirds interest as tenant-in-common, and Tammera Porter, one-third interest as tenant-in-common.

4. That the Plaintiffs return the following items of personal property to Defendant Tammera Porter: Four (4) horses, identified during the trial as Midnight Express, Werther's Sonic Boom, PR's Brite-N-Shining Star, and PR's Southern Dock; a Honda 400 ATV;

4

Defendant's personal clothing and bedroom furniture formerly located in Plaintiff's Wilkes County home; a quilt given to the Defendant by Defendant's grandmother; and an afghan given to the Defendant by Defendant's aunt.

The parties are further ORDERED to execute such deeds and other papers and take such actions necessary to carry out the terms of this Judgment, and the Court further ORDERS that this Judgment be filed in the Office of the Register of Deeds of Wilkes County, North Carolina, within ten (10) days of entry. The Court further ORDERS that the Defendant recover her costs other than attorneys' fees pursuant to the provisions of Federal Rule of Civil Procedure 54(d)(1).

Signed: April 5, 2007

Richard L. Voorhees
United States District Judge